# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRADLEY KEITH STEVENS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| -vs- | ) Case No. CIV-14-0705-F |
| | ) |
| CARL BEAR, Warden,[1] | ) |
| | ) |
| Respondent. | ) |

## ORDER

Petitioner Bradley Keith Stevens, a state prisoner who at this stage appears *pro se*, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### Procedural History

On February 29, 2016, Magistrate Judge Shon T. Erwin entered a Report and Recommendation (the Report, doc. no. 13), recommending the petition be denied on its merits. The Report carefully analyzed each of the grounds for relief presented at that time. The court agreed with the Report and adopted it, noting that no objection had been filed.

Petitioner then moved for relief under Rule 60, Fed. R. Civ. P, arguing he had not received the Report and had not had an opportunity to object. Doc. no. 16. In that motion, petitioner stated that he was *pro se*.

Petitioner's Rule 60 motion was granted, the order and judgment adopting the Report were vacated, and petitioner was given a new opportunity to file objections to the Report. Doc. no. 17. In a letter from petitioner to the court and to his counsel of

---

[1] As discussed in the text, Carl Bear's name has been substituted as the new warden.

record at the time, David R. Slane, petitioner asked that his counsel be required to withdraw. Doc. no. 18. Mr. Slane moved to withdraw. Doc. no. 21. The court granted the motion (doc. no. 22), and as of May 18, 2016, Mr. Slane was withdrawn as counsel for petitioner.

In that order, the court also gave petitioner permission to make, within his objections, any arguments he wished to present in support of leave to amend. *Id*. The court did so because petitioner had, by that time, moved for leave to amend (doc. no. 20), a motion which was stricken in favor of permitting petitioner to raise the amendment issue in his objections. Doc. no. 22.

Petitioner, whose pleadings are liberally construed, has now filed timely objections to the Report. Doc. no. 25. Petitioner includes arguments for leave to amend within that document. *Id*. Petitioner also requests an evidentiary hearing. *Id*.

Respondent asks the court to deny petitioner's objections to the Report, to deny petitioner's request for leave to amend, and to deny the request for an evidentiary hearing. Doc. no. 28.

## Objections to the Report

Petitioner objects broadly to the Report, stating that he "hereby objects to the adverse rulings in the R & R, both factual and legal analysis in the R & R," and that "the magistrate's findings are moreover an adoption of the State's response." Doc. no. 25, p. 6 of 27. In light of these broad objections, the court has reviewed all aspects of the Report *de novo*.

Petitioner also makes some specific objections to the Report.

Petitioner objects, for example, to the Report's statement that petitioner was appearing *pro se* in these § 2254 proceedings. Petitioner argues this is an "unreasonable determination." *Id*., pp. 6-7 of 27. The petition for a writ of habeas corpus was signed by petitioner. It was docketed on July 7, 2014. At that time,

petitioner was, from all appearances, proceeding *pro se*. However, petitioner's counsel entered his appearance shortly thereafter, on July 8, 2015. Thus, the Report's statement that petitioner is "a state prisoner appearing *pro se*" was not entirely accurate. That inaccuracy, however, does not impact the results in these proceedings.

Petitioner objects that the Report did not liberally construe petitioner's pleadings. Doc. no. 25, p. 9 of 27. Given the lack of clarity concerning the status of petitioner's representation at certain times, the undersigned liberally construes all of petitioner's filings, mooting this objection.

Petitioner objects to the Report because, in petitioner's view, it incorrectly asserts that petitioner named the Oklahoma Attorney General as a respondent. Petitioner argues the Attorney General was simply listed on a form approved for use when seeking relief under 28 U.S.C. § 2254. Doc. no. 25, p. 7 of 27; doc. no. 1 (petition). At this stage it is clear from the briefing that all parties agree the Oklahoma Attorney General was never a proper party. Petitioner's objection on this ground is immaterial. The Oklahoma Attorney General will be dismissed with prejudice, a result which does not impact the substance of the Report.

Petitioner next objects to the Report by arguing that the warden at the Joseph Harp Correctional Center was incorrectly named in the petition and is incorrectly referred to in the Report as Jim Farris. The petition, which is signed by the petitioner, identifies Jim Ferris, Warden, as a respondent. Doc. no. 1. Respondent states that Mr. Ferris was the warden at the time the petition was filed, and that Carl Bear is now the warden. Doc. no. 28, p. 3. No matter which individual was serving as warden of the Joseph Harp Correctional Center when the instant petition was filed, the warden of that facility has always been a respondent in this action. The allegedly incorrect name of the warden is not an issue which impacts the Report's recommendation, as reflected by the fact that when a warden changes, parties and courts typically substitute the new

warden's name in the caption. Accordingly, Carl Bear, Warden, is substituted as the respondent in this action.

As shown, petitioner's specific objections focus on matters which are not consequential and they are rejected for that reason. His broad objections are rejected because the court agrees with the Report's analysis. In the Report, the magistrate judge ably sets out recommended findings concerning each ground for relief presented in the petition. There is nothing to be gained from further discussion of those grounds here. After *de novo* review of all of petitioner's objections to the Report, the objections are rejected.[2]

Request for Leave to Amend

The issue which remains is whether petitioner should be granted leave to amend. Petitioner's main argument in this regard, is that amendments are not time-barred because they relate back to the original habeas claims.

Although petitioner's brief suggests the general nature of possible amended grounds for habeas relief, petitioner has not proposed specific amendments. Even construing petitioner's pleadings liberally, it is not the court's role to draft or define specific amended claims for further consideration.

Nevertheless, the court has done its best to consider the type of amendments which petitioner's briefing suggests he wishes to add. The amendments have to do with alleged misconduct and improprieties among judicial and law enforcement officials in Kay County, Oklahoma.[3] Petitioner contends the misconduct impacted the

---

[2]New arguments and new material attached to the objections, but not presented to the magistrate judge, are waived as a basis for objections to the Report. *See*, San Roman v. Vaughn, 442 Fed. Appx. 365, 370 n.5 (10th Cir. 2011), unpublished, collecting citations. The new matters have been considered in determining whether petitioner should be given leave to amend.

[3]For example, petitioner states: "The Petitioner believes that Salisbury [his trial counsel] was intimidated by Stout [the judge originally assigned to petitioner's case, although Judge Stout recused
(continued...)

-4-

criminal proceedings against him and entitles him to habeas relief.  As explained below, however, possible amendments of this nature are time-barred.

Under the Antiterrorism and Effective Death Penalty Act (the AEDPA), petitioner had one year from the date his conviction became final for purposes of the AEDPA, within which to file a petition for habeas relief.  28 U.S.C. § 2244(d).  Absent equitable tolling, no basis for which has been argued or shown,[4] the time for bringing claims under § 2254 expired on October 1, 2014.  *See*, calculations in respondent's brief, doc. no. 28, p. 7 of 24.  Petitioner first moved for leave to amend on May 10, 2016 (doc. no. 20), in a motion which was later stricken.  Giving him the benefit of that filing date, however, leave to amend was not sought until more than a year-and-a-half after amendments became time-barred on October 1, 2014.

Actual innocence, if proved, serves as a gateway through which a petitioner may pass to gain federal court review of constitutional claims otherwise barred by limitations.  McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013).  But the threshold for showing actual innocence is extraordinarily high.  Herrera v. Collings, 506 U.S. 390, 392 (1993).  To be credible, such a claim requires petitioner to support his allegations of constitutional error with new, reliable evidence.  Schlup v. Delo, 513 US. 298, 324 (1995).  Petitioner's arguments are not based on new evidence which could not have been discovered earlier using due diligence.  *See*, response brief, doc.

---

[3](...continued)
before the preliminary hearing] and the D.A.'s office and probably the other judges as Stout was in an intimate relationship with Michelle [the alleged girlfriend and later wife of Judge Stout] which violated the Code of Judicial Conduct."  Doc. no. 25, p. 23 of 27.

[4]Petitioner's objections do not appear to rely on equitable tolling *per se*, relying, instead, on arguments concerning actual innocence (which may provide an equitable exception to the limitations period, but is not the same thing as equitable tolling) and relation back.  Argued for or not, equitable tolling applies only in rare and exceptional circumstances which have not been shown to exist here.  Holland v. Florida, 560 U.S. 631, 649 (2010).

no. 28, pp. 9-10 of 24 (reviewing dates of alleged judicial corruption or improprieties). Moreover, the demanding nature of the test for permitting actual innocence to open the gate for otherwise untimely claims, requires evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error. Johnson v. Medina, 547 Fed. Appx. 880, 884 (10th Cir. 2013), unpublished. Petitioner has not shown that he has any newly discovered evidence of this nature.

The court also rejects petitioner's argument that the amended claims would relate back to petitioner's original grounds for habeas relief. They do not relate back because amendments along the lines suggested by petitioner, would depend on matters which are separate and apart from the grounds for relief set forth in the petition for habeas relief. *See generally*, Mayle v. Felix, 545 U.S. 644, 657, citing United States v. Espinoza-Saenz, 235 F.3d 501, 503-05 (10th Cir. 2000), and other decisions which allow relation-back in federal habeas cases only when the added claims arise from the same core facts as the timely filed claims.

In sum, leave to amend will be denied because the specifics of proposed amendments have not been adequately identified, and also because amendments are time-barred.[5]

---

[5]Finally, the court notes that if the proposed amended grounds should be treated as a second or successive habeas petition, then they are **DISMISSED** without prejudice, for lack of jurisdiction. *See*, 28 U.S.C. §2244(b)(3)(A)(before a second or successive application is filed in the district court, applicant shall move in the appropriate Court of Appeals for an order authorizing the district court to consider the application); Buchanan v. Lamarque, 121 Fed. Appx. 303, 315 (10th Cir. 2005)(no error in district court's denial of leave to amend; but district court should have considered new claims as a second or successive petition and transferred), unpublished; United States v. Cline, 531 F.3d 1249, 1252 (10th Cir. 2008) (second or successive claims need not be transferred if it is not in the interest of justice to do so, in which case the district court may dismiss such claims for lack of jurisdiction).

<u>Conclusion</u>

There is no need for a hearing, and petitioner's request for same is **DENIED**.

Petitioner's objections to the Report and Recommendation of the magistrate judge are **DENIED**. The court **ACCEPTS** and **AFFIRMS** the analysis and recommendation of the magistrate judge as set forth in the Report. In accordance with those recommendations, the petition for a writ of habeas corpus is **DENIED**.

The parties agree the Oklahoma Attorney General was improperly included as a respondent in this action, and he is **DISMISSED** with prejudice.

The showing necessary for a certificate of appealability has not been made and the certificate is **DENIED**.

Dated this 26th day of July, 2016.

/s/ S.P. Friot
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

14-0705p007.wpd